# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

        Plaintiff,        Civil Action No.:
                                  Honorable:

v.

                                  **COMPLAINT AND JURY**
                                  **TRIAL DEMAND**

MICHIGAN DEPARTMENT OF HEALTH
AND HUMAN SERVICES,

        Defendant.
_____/

## NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act, to correct unlawful employment practices on the basis of age, and to provide appropriate relief to Phyllis DeWaters (age 56) and Janet Luchies (age 59), who were adversely affected by such practices. As alleged with greater particularity in paragraphs 7-12 and 13-19 below, the EEOC alleges that Defendant, the Michigan Department of Health and Human Services, refused to hire DeWaters and

1

constructively discharged Luchies, each because of age.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.  This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Sections 16(c) and Section 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2.      The employment practices alleged to be unlawful were within the jurisdiction of the United States District Court for the Western District of Michigan.

3.      Plaintiff, the Equal Employment Opportunity Commission, ("EEOC" or the "Commission") is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA, and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4.      At all relevant times, Defendant, the Department, has been an Agency or Instrumentality of the State of Michigan operating the Kalamazoo Psychiatric Hospital in Kalamazoo, Michigan and has continuously had at least 20 employees.

5. At all relevant times, Defendant Department has continuously been an employer within the meaning of Section 11(b) of the ADEA, 29 U.S.C. § 630(b).

## CONCILIATION

6. Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## STATEMENT OF CLAIMS: DEWATERS

7. On or about December 2015, Defendant Department engaged in unlawful employment practices at its Kalamazoo Psychiatric Hospital facility in violation of Section 4(a)(1) of the ADEA, 29 U.S.C. § 623(a)(1), by denying hire to Phyllis DeWaters because of her age, 56.

8. In December 2015, DeWaters applied for an open Clinical Social Worker position with Defendant for which she was qualified.

9. The Clinical Services Director for the Defendant's Kalamazoo Psychiatric Hospital Facility was a recently promoted 31-year-old man.

10. DeWaters was unanimously recommended as the candidate to hire by

the three members of the interview panel appointed by the Director to evaluate applicants.

11.   The Director chose to hire a much younger and less qualified candidate under the age of 40 and cited a preference for young candidates as the reason for doing so.

12.   The Defendant's practices complained of in paragraphs 7-11 above, were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## STATEMENT OF CLAIMS: LUCHIES

13.   Since at least November 2015 Defendant Employer has engaged in unlawful employment practices at its Kalamazoo Psychiatric Hospital facility in violation of in violation of Section 4(a) of the ADEA, 29 U.S.C. § 623(a) by constructively discharging Janet Luchies because of her age, 58.

14.   Luchies worked at the Hospital from June 1998 until her retirement on October 1, 2016.

15.   Prior to the Clinical Services Director's hire as her supervisor in November 2015, Luchies had received "High Performing" ratings in her most recent annual review.

16.   The newly-hired Director assigned Luchies to the most difficult area of the Hospital and began to compile a list of alleged problems with her work and

spoke of her in a derogatory manner.

17. No other social worker under the Director's supervision was subjected to this kind of scrutiny, evaluation or treatment.

18. After experiencing unfavorable treatment for months, Luchies felt she had no choice but to take Family and Medical Leave in August 2016 until she was eligible to retire on October 1, 2016.

19. The unlawful employment practices complained of in paragraphs 13-18 above, were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. GRANT a permanent injunction enjoining Defendant Department, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from refusing to hire applicants because of their age.

B. GRANT a permanent injunction enjoining Defendant Department, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discharging employees on the basis of age.

C. GRANT a permanent injunction enjoining Defendant Department, its officers, agents, servants, employees, attorneys, and all persons in active concert or

5

participation with it, from altering the terms and conditions of employment on the basis of age.

D.     ORDER Defendant Department to institute and carry out policies, practices, and programs which provide equal employment opportunities for individuals 40 years of age and older, and which eradicate the effects of its past and present unlawful employment practices.

E.     GRANT a judgement requiring Defendant Employer to pay appropriate back wages in an amount to be determined at trial, and an equal sum as liquidated damages or prejudgment interest in lieu thereof, to Phyllis DeWaters and Janet Luchies, whose wages are being unlawfully withheld as a result of the acts complained of above;

F.     ORDER Defendant to make whole Phyllis DeWaters and Janet Luchies by providing the affirmative relief necessary to eradicate the effects of its unlawful practices described above, including but not limited to reinstatement for Luchies and rightful place hiring for DeWaters, or in the alternative, payment of appropriate front pay;

G.     GRANT such further relief as the Court deems necessary and proper in the public interest; and

H.     AWARD the Commission its costs for this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

/s/   KENNETH BIRD  
KENNETH BIRD  
Regional Attorney

/s/ OMAR WEAVER  
OMAR WEAVER (P58861)  
Supervisory Trial Attorney

/s/   DALE PRICE  
Dale Price (P55578)  
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION  
DETROIT FIELD OFFICE  
Patrick V. McNamara Building  
477 Michigan Avenue, Room 865  
Detroit, Michigan 48226  
Tel. No. (313) 226-7808

Dated: September 28, 2018